**Amos Edgar HARPER,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 75–1245
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 7, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Ben B. Mills, Jr., Fitzgerald, Ga., for plaintiff-appellant.

Ronald T. Knight, U. S. Atty., Macon, Ga., William Kanter, Michael H. Stein, Thomas S. Moore, Dept. of Justice, Civil Div., Appellate Section, Washington, D. C., for defendant-appellee.

Before THORNBERRY, SIMPSON and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiff Harper appeals from an adverse judgment in a Federal Tort Claims Act [1] suit, in which he sought damages for injury to his left shoulder sustained in a shower fall. The fall occurred on June 26, 1972 at the Dougherty County Jail in Albany, Georgia, to which he had been temporarily transferred pending assignment to a federal institution. Four days earlier the plaintiff had pleaded guilty to federal liquor offenses in return for a six month prison term.

The Dougherty County Jail housed the plaintiff under contract with the Bureau of Prisons, see 18 U.S.C. § 4002, which contract provided, insofar as is pertinent, for the county jail's exclusive "[s]afekeeping, care and subsistence" of federal prisoners situated there, at a rate of $3.00 per day. The plaintiff's fall and injury occurred when a jail guard ordered plaintiff, who normally wears a prosthesis in place of an amputated lower left leg, to take a shower. According

---

1. 28 U.S.C. §§ 1346(b), 2671 et seq.

to the testimony in the bench trial below, plaintiff removed the prosthesis and proceeded to hop one-legged several feet across the wet shower floor. Plaintiff contended that he asked for assistance in reaching the shower, but was rebuffed. The defendant United States sought to prove that plaintiff's method of hopping across the shower floor was the most unreasonable under the circumstances, and that plaintiff should have removed the prosthesis at a bench near the shower and "scooted" to the appropriate place.

On July 11, federal marshals took the plaintiff into custody and removed him to the federal prison at Maxwell Air Force Base, Montgomery, Alabama. Later that day prison officials placed him in the base hospital, where he was diagnosed and treated for a fractured left shoulder.

At trial and on appeal the plaintiff has asserted alternative principal theories of negligence on the part of the United States proximately causing his injury. The first theory attempts to charge the government with a negligent failure periodically to inspect and supervise the jail for safety and competency on the part of county officials. Plaintiff contends that the government had such a duty, and that federal officials would have discovered his condition earlier had they discharged their duty to inspect. Because this duty was breached, plaintiff adds, he suffered sixteen days without medical treatment, and consequently great pain, suffering, and aggravation of his injury. These allegations subsume the further contention that the government negligently breached an asserted duty to provide medical treatment to federal prisoners in the county jail.

■ The district court rejected this theory on the strength of Logue v. United States, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). We do likewise. Logue agreed with our holding that a county jail under a contract virtually identical to the one *sub judice* is a "contractor with the United States," within the exculpatory clause of 28 U.S.C. § 2671, and its employees are therefore not employees of a "Federal Agency" for purposes of the limited waiver of sovereign immunity embodied in the Tort Claims Act. The only major difference between the two contracts is that the agreement in this case expressly relieves the county of any duty to provide medical treatment.[2] Contrary to plaintiff's argument, that difference is neither material nor does it mean that a duty to provide medical treatment necessarily remained with the United States. Rather, the contract further provides as follows (p. 3, § 9):

> Federal prisoners shall be provided with such medical and dental treatment as may be necessary to conserve their health. General medical care will be provided either by the institution physician, if the institution has agreed to furnish medical service, or by a physician paid by the Government. *In either event it will be the responsibility of the institution to see that a physician is called when needed for federal prisoners.*

(Emphasis ours). Thus, in substance the contract merely allocates the burden of *payment* for medical services to the federal government. Any duty to secure medical treatment in the first instance belonged to the county.

■ As plaintiff's effort to impute the possible negligence of county jail officials to the United States must fail under the § 2671 independent contractor defense, so must his arguments concerning a duty to inspect or supervise. As the Supreme Court noted in *Logue*, Congress fully empowered the Bureau of Prisons to delegate contractually these duties to local bodies: "Thus, Congress not only authorized the Government to make contracts such as the one here in question, but rather clearly contemplated

---

2. The contract states: "It is understood that the care provided will not include medical treatment."

that the day-to-day operations of the contractor's facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to· do a good job." 412 U.S. at 529, 93 S.Ct. at 2220, 37 L.Ed.2d at 129. For the foregoing reasons the plaintiff's first theory is without merit.

■ In the alternative, plaintiff claimed that he was denied medical attention after his condition became known to federal marshals, thus leading to aggravation of his injury through delay. Actually, when reviewed in light of plaintiff's testimony, this claim reduces once more to the contention that federal officials *should have known* about the injury. The district court found that the plaintiff's condition was not brought to the government's attention until July 11, the date of his arrival at Maxwell Air Force Base. Thereafter he received immediate hospitalization and treatment. The record reflects that prior to his stay at the county jail, plaintiff did not inform the marshals that he would require removal of the prosthesis, assistance with showers, or crutches. His mobility until the time of the accident was quite good. Furthermore, there is no evidence that federal marshals visited the county jail during the period of plaintiff's incarceration. Under these circumstances we cannot hold clearly erroneous the district court's finding that federal officials had no knowledge of plaintiff's condition before July 11, 1972. *See* Lentz v. Metropolitan Life Ins. Co., 5 Cir. 1970, 428 F.2d 36, 39; F.R.Civ.P. 52(a).

In conclusion, the judgment below must be affirmed. Our decision is reached without consideration of the district court's additional finding that the plaintiff is barred from recovery by contributory negligence.

Affirmed.